## COMMONWEALTH *vs.* LEWIS HARRIS.

Under the statutes of the Commonwealth, a justice of the peace may bind over for trial in the court of common pleas a defendant charged with an offence of which he has jurisdiction concurrent with that court.

Upon a complaint made to a justice of the peace for an offence of which he had concurrent jurisdiction with the court of common pleas, the justice's record stated the complaint and warrant, the defendant's appearance and plea of not guilty, and that, after hearing witnesses, and fully understanding the defence, it was considered by the court that he was guilty of the offence so charged against him, and that he should therefore recognize for his appearance before the next court of common pleas. *Held*, that this was no bar to an indictment for the same offence.

INDICTMENT for larceny of goods under five dollars in value. Plea, that a complaint against the defendant for the same larceny of the same goods had been made to a justice of the peace having final jurisdiction thereof; that a warrant was issued thereon, on which the defendant was arrested, and arraigned before the justice, and afterwards "appeared before said justice, and was put upon his trial on said complaint and the issue thereon; and divers witnesses were sworn and examined; and said trial was fully, and in due form of law, then and there had and concluded, and the said Harris fully tried on said complaint, and was found and adjudged by the said justice to be guilty, and was then and there duly convicted of the offence charged against him in said complaint, and was thereupon sen-

Commonwealth *v.* Harris.

tenced and ordered by said justice to recognize to the Commonwealth in the sum of one hundred dollars, with sufficient sureties in the like sum for his personal appearance before the then next term of the court of common pleas," &c.; and "that he then and there objected to the said sentence and order of said justice, and moved and demanded the said justice that he should sentence him the said Harris on said conviction according to law but the said justice refused so to do; and the said Harris, failing so to recognize as aforesaid, was, by order of the said justice, committed to the jail of said county, and performed the sentence or order of the said justice;" and that all these proceedings were regular, and had not since been reversed. The defendant annexed to his plea a copy of the record, which (except the complaint and warrant) is printed in the margin.*

---

* Hampshire, ss. At a justice's court holden before me the subscriber, a justice of the peace within and for said county, at my office in Northampton in said county, September 1st A. D. 1856. By virtue of the within warrant, the respondent is brought into court, and the within complaint is read to him, and being asked whether he is guilty or not guilty of the offence therein charged upon him, saith that he is not guilty. When, on motion of the complainant, this complaint was from thence continued to Tuesday the 2d day of September A. D. 1856, at 9 o'clock A. M., and the respondent is ordered to recognize to the Commonwealth with sureties in the sum of $50 for his appearance to answer on this complaint as aforesaid, and recognized; at which last mentioned date, after hearing divers witnesses sworn to testify the whole truth in the matter, and fully understanding the defence of said respondent, it is considered by the court that he is guilty of the offence so charged against him.

It is therefore ordered by the court, that said respondent recognize to the Commonwealth in the sum of one hundred dollars, with sufficient sureties in the like sum, for the personal appearance of said respondent before the court of common pleas, to be holden at Northampton within and for said county on the third Monday of December next, then and there to answer to all such matters and things as shall be objected against him the said respondent on behalf of said Commonwealth, (but more especially to the within complaint,) and abide the order and sentence of said court thereon, and also for his personal appearance at any subsequent term of said court to which the same may be continued, if not previously surrendered and discharged, and so from term to term, until the final decree, sentence or order of said court thereon, and to abide such final sentence, order or decree of said court, and not depart without leave. And failing so to recognize thereon, as the law directs, was committed according to law.

S. WELLS, Justice of the Peace.

To this plea the district attorney demurred, and his demurrer was sustained by the court of common pleas. The defendant appealed to this court.

*W. Allen, Jr.*, for the defendant. 1. A regular conviction of an offence by a justice of the peace, having jurisdiction, is a bar to a subsequent prosecution for the same offence. 1 Bishop on Crim. Law, §§ 649–651, 656–663, 666, 669. 3 Greenl. Ev. §§ 35, 37. *Commonwealth* v. *Cunningham*, 13 Mass. 245. *Commonwealth* v. *Roby*, 12 Pick. 496. *Commonwealth* v. *Tuck*, 20 Pick. 356.

2. The plea shows a conviction. A conviction is directly alleged, is consistent with the other allegations of the plea, and admitted by the demurrer.

3. The plea shows not only a conviction, but a judgment executed, which, though irregular, is a bar. *Commonwealth* v. *Goddard*, 13 Mass. 455. *Commonwealth* v. *Loud*, 3 Met. 328.

4. The jurisdiction of the justice, having first attached, became exclusive. *Smith* v. *M'Iver*, 9 Wheat. 532. *Shelby* v. *Bacon*, 10 How. 67. *Mallett* v. *Dexter*, 1 Curt. C. C. 178. Whart. Crim. Law, (4th ed.) § 521. Having once taken jurisdiction of the case, he had authority only to dispose of it finally; not to examine and hold for trial in the court of common pleas. Rev. Sts. *c.* 85, §§ 24–26; *c.* 126, §§ 17, 18; *c.* 135, § 25. St. 1852, *c.* 4.

The defendant cannot be in the custody of two courts at the same time. If the justice could hold for trial in the court of common pleas, he might practically impose a severer imprisonment, by commitment for want of bail, than that court could upon conviction; and an acquittal by the justice would not be a bar.

*D. W. Alvord*, (District Attorney,) for the Commonwealth.

This case was decided at September term 1858.

DEWEY, J. The question here raised is not the ordinary question that might arise between two courts of merely concurrent jurisdiction over the offence charged. In such case it is well settled that the court, be it the inferior or superior, which first takes jurisdiction of the case, is to proceed to hear the same

and render judgment therein; and such judgment will be a perfect bar to any subsequent prosecution in another court of concurrent jurisdiction.

Whether a sentence awarding punishment upon the finding of the guilt of the party is necessary to enable him to sustain a plea of *autrefois convict*, it is not necessary to decide, in the view we have taken of the present case. As to that question this court, in the case of *Commonwealth* v. *Roby*, 12 Pick. 510, waived expressing any opinion. Upon examining the authorities there relied upon to sustain the affirmative of that proposition, it will be found they do not seem to support it; but only to hold that a verdict, rendered upon a defective indictment which would not sustain a sentence, was no bar to a subsequent prosecution. 1 Chit. Crim. Law, 462. 2 Hale P. C. 255.

It would be necessary more distinctly to settle this point if the court here taking jurisdiction in the first instance had a mere concurrent jurisdiction with the court of common pleas of the offence charged. But the case before us is quite otherwise. Justices of the peace act in a twofold capacity in regard to criminal cases brought before them : the one, that of an examining magistrate preparatory to binding the party to answer before the court of common pleas for the offence charged, upon presentment to be made by the grand jury; the other capacity, that of a court competent to exercise final jurisdiction, or, in other words, a concurrent jurisdiction with the court of common pleas to try the case, subject only to an appeal, in which case a trial in the court of common pleas is had upon the original complaint. This twofold jurisdiction raises, in the present case, two inquiries :

1st. Can a justice of the peace act as such examining magistrate, with the power to hear evidence and order the defendant to recognize for his appearance at the court of common pleas, in those cases where, by statute, he has concurrent jurisdiction to hear and decide upon the guilt of the party, and to pass sentence thereon if he finds the party guilty ?

2d. Do the proceedings in the present case appear to have

40 *

been those of an examining magistrate merely, or a trial in the ordinary mode of a court exercising final jurisdiction ?

The first of these questions leads to an examination of the powers and duties of justices of the peace. By the early colonial statute of 1646, magistrates had authority given them to hear and determine certain small thefts, such as "robbing any orchard," " stealing wood from men's doors or yards." Anc. Chart. 57.

By *St.* 1692, jurisdiction was given to justices of the peace to hear and determine larcenies, " provided that the damage exceed not the sum of forty shillings." Anc. Chart. 238. By the same statute it was also enacted, that " every justice of the peace in the county where the offence is committed may cause to be stayed and arrested all affrayers, rioters, disturbers or breakers of the peace, and commit the offender to prison until he find sureties for the peace and good behavior; and may further punish the breach of the peace in any person that shall smite or strike another, by fine not exceeding twenty shillings, and require bond with sureties for the peace; or bind the offender over to answer it at the next sessions of the peace, as the nature or circumstances of the offence may be." Anc. Chart. 239, 240.

Such was the statute law until after the adoption of the Constitution, when, by the *St.* of 1783, *c.* 51, § 1, it was enacted that every justice of the peace within his county might " punish, by such fine as is by the statute law of the Commonwealth provided, all assaults and batteries that are not of a high and aggravated nature, and cause to be arrested all affrayers, rioters, disturbers and breakers of the peace, and bind them to appear at the next supreme judicial court or court of general sessions of the peace, at the discretion of the justice "; and should " examine into all homicides, murders, treasons and felonies committed in their counties, and commit to prison all persons guilty, or suspected to be guilty;" and " hold to bail all persons guilty, or suspected to be guilty, of lesser offences which are not cognizable by a justice of the peace."

The *St.* of 1784, *c.* 66, § 4, gave to justices of the peace,

authority to hear and determine cases of larceny, provided treble the value of the property did not exceed forty shillings; and to sentence by a fine not exceeding forty shillings, or imprisonment not more than twenty days. The higher courts had authority to inflict severer punishment for all larcenies, including those made cognizable by a justice.

The *St.* of 1794, *c.* 26, was a reënactment of the leading provisions of the *St.* of 1692, already cited, and had the same provision authorizing a justice of the peace to " punish the breach of the peace in any person that shall assault or strike another, by fine not exceeding twenty shillings; or bind the offender to appear and answer for his offence at the next court of general sessions of the peace, as the nature or circumstances of the case may require."

By *St.* 1804, *c.* 143, § 2, a concurrent jurisdiction with the higher courts was vested in justices of the peace when the value of the articles should not be alleged to exceed five dollars. By the Rev. Sts. *c.* 126, § 18, a like jurisdiction is given over simple larcenies, when the value of the goods is not alleged to exceed fifteen dollars, and in all cases of larcenies when the alleged value does not exceed five dollars; and by the Rev. Sts. *c.* 143, § 5, a concurrent authority with the higher courts to sentence to the house of correction when the property stolen does not exceed in value five dollars.

The power to cause an arrest, and to hold to answer before a higher tribunal, which had been conferred upon justices of the peace by previous legislation, was again reënacted in the Rev. Sts. In *c.* 85, § 26, it was provided that justices of the peace might cause to be arrested any persons found in their counties charged with any offence; and should " examine into all treasons, felonies, high crimes and misdemeanors, and commit, or bind over for trial, all persons who appear to be guilty thereof." Section 1 of *c.* 135 gives authority to justices of the peace to issue process for the arrest of persons charged with offences; and §§ 12–18 provide the mode of examination, and authorize a discharge of the party if the offence is not proved; but if it appears that an offence has been committed, and that there

is probable cause to believe the party guilty, he is to be committed, or bound over to appear at the next term of the court having cognizance of the offence.

Upon the question whether, under the Rev. Sts., a justice may, at his discretion, act as an examining magistrate, and bind over a party to appear before the higher court, when the offence charged is one of which he has a concurrent jurisdiction with such higher court, to hear and decide and award the punishment, a reference to our statutes will show that it is to some extent directly conferred. The crime of larceny in a building (a case supposed to have been omitted in *c.* 126 of the Rev. Sts.) was, by *St.* 1851, *c.* 156, § 4, made punishable by five years' confinement to hard labor in the state prison, and was thereby, by force of previous statutes, a case within the jurisdiction of the court of common pleas and municipal court exclusively. This offence thus made punishable by the statute just cited, was by the later *St.* of 1852, *c.* 4, also put within the jurisdiction of a justice, by providing that "justices of the peace may, in their discretion, take jurisdiction, and punish by fine not exceeding twenty dollars, or by imprisonment in the county jail or house of correction, not exceeding one year."

By the *St.* of 1855, *c.* 448, § 1, concurrent jurisdiction was given to the various police courts' with the court of common pleas and municipal court of all larcenies where the value of the property stolen should not be alleged to exceed fifty dollars; and in § 3 it was further provided, that "said police courts may, at their discretion, decline to take final jurisdiction of any of the cases referred to in this act, and may send the same, *as now*, to the court of common pleas or municipal court for examination and trial." This act has been modified as to the extent of the punishment authorized thereby to be awarded by the police courts, by *St.* 1857, *c.* 157; but the same provision is reënacted as to the authority of the police courts to hear and finally determine such cases, or, in their discretion, to act merely as examining magistrates, and order the party to answer further before a higher court. We have in these statutes direct legislation that, in all larcenies under fifty dollars, the police

courts, who have heretofore had much the same jurisdiction as justices of the peace have in those towns where there are no police courts, may in these cases decline to take final jurisdiction, and may send the same to the higher court for further proceedings.

We apprehend these legislative enactments only gave effect to what had been previously the practice in justices' courts and also in the police courts, which had succeeded to the jurisdiction of justices of the peace, in the trial of cases in certain localities, namely: that, where a magistrate is clothed with the double power of examining magistrate, authorized to bind over the party to a higher tribunal for trial, he may, in cases where the higher court has a concurrent original jurisdiction, bind over the party, if the circumstances of the case seem to demand a higher punishment than he can inflict, although the justice has jurisdiction to determine the case and punish the offender by a penalty more limited than might be imposed by the higher tribunal. If this be not so held, then in all the cases where a concurrent jurisdiction is given to justices of the peace in cases of larceny, and no direct legislation gives a discretion to bind over to a higher court, the jurisdiction of the justice will practically be exclusive. The proceedings in cases of larceny, unlike those in many other offences, will, from the nature of the case, be commenced before a justice of the peace. They are cases where an immediate arrest is required, and such arrest will be by a complaint to a justice and a warrant thereon. The party being brought before the justice, the jurisdiction to try him would attach; and that would be his only duty. The consequence would be that, in all cases of simple larceny where the value of the property does not exceed fifteen dollars, and all larcenies where the value of the property does not exceed five dollars, if a warrant is issued for the arrest on a complaint made before a justice, the case must be tried before him, and the punishment can only be the limited one, however aggravating the circumstances. Larceny in a dwelling-house, although the property might be less than five dollars, might be highly aggravated in its character, and well deserving of punishment by

confinement in the state prison; but if the justice has no discretion to bind over the party to the higher court, no such punishment could be inflicted.

We have seen that the power to try and punish by a very limited punishment cases of larceny to a small amount, has, from the earliest period, been conferred upon justices of the peace; that, concurrently with this, the power has been vested in justices of the peace to receive complaints and issue warrants, to apprehend parties charged with larcenies of any goods, and to cause them to be brought before them, to hear the evidence, and to order them to be held to answer further before a higher court. The recent legislation as to police courts fully recognizes the discretionary authority in those tribunals, either to bind over to a higher court, or to try and sentence the crime of larceny in certain cases.

This, we think, had been the practice of justices of the peace before this period. In the opinion of the court the justice was well authorized, in the present case, after hearing the evidence, if he believed the party guilty, to order him to recognize to appear before the next court of common pleas, to answer for the offence, if in his opinion the attendant circumstances rendered it proper that the case should be finally determined and the sentence awarded by a court having power to inflict severer punishments than justices of the peace can award.

2. The only remaining inquiry is whether, in the present case, the justice did in fact exercise the power of an examining magistrate, hearing the evidence, and proceeding to hold the party to answer further before a higher court; or did he assume final jurisdiction to decide upon the guilt of the party, and proceed so far as to leave in him no other authority on the case than to pass sentence therein.

The plea of the defendant in its language strongly presents the case as of the latter kind, alleging that " the party was fully tried, was duly convicted of the offence," &c.; but all this must be taken to be qualified by the actual record of the justice, to which the plea refers, and a copy of which is by it brought before the court. The preliminary proceedings were certainly

much the same as on a final trial. Perhaps they would ordinarily be so. It certainly might be important to the party on trial to ascertain, before the evidence was closed, whether it was merely a preliminary examination, or a trial for the offence, with reference to the extent to which he would carry the defence.

In the present case, the order of the justice, as passed after hearing the case, negatives the idea of any trial beyond a preliminary examination having taken place before him. It was that the evidence satisfied him that the party was guilty, and, thus satisfied, he thought it a proper case for a higher tribunal to try, as his order was solely applicable to such a state of things, the order being "that he should recognize for his personal appearance at the next term of the court of common pleas to be holden at Northampton, then and there to answer to such matters as should be objected against him, and especially to said complaint, and to abide the order and sentence of the court thereon." In the opinion of the court upon the record, and the final disposition of this case, indicated thereby, the justice treated the same as a preliminary examination, and, in the exercise of his discretion, as he was lawfully authorized to do, bound over the party for further proceedings before the court of common pleas, upon any such indictment as might be found by the grand jury, to be tried in that court.

The result is therefore that the demurrer filed by the district attorney to the plea of the defendant is sustained, and the case is remitted to the court of common pleas for further proceedings.

We have considered this question without any reference to the fact that it was brought before us by appeal, no objection having been taken on that point. We apprehend no authority exists for such appeal; and the case should have been brought before us on exceptions, which exceptions, inasmuch as by the ruling of the court below the plea was held insufficient, could only be properly allowed after the case was fully tried in that court.

*Demurrer sustained.*