## COMMONWEALTH *vs.* FREDERIC BUBSER.

An acquittal upon an indictment under *St.* 1855, *c.* 405, for a nuisance in keeping a tenement used for the unlawful sale of intoxicating liquors, is no defence to an indictment for being a common seller of intoxicating liquors at the same time and place.

Evidence that lager beer, proved to have been sold by the defendant, is not intoxicating, is inadmissible in defence of an indictment under *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors.

INDICTMENT on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors from the 1st of October 1858 to the 1st of March 1859.

At the trial in the court of common pleas in Bristol at March term 1859, the district attorney offered evidence tending to show numerous sales of lager beer, and that it was intoxicating. The defendant offered evidence tending to show that said beer was not lager beer, and that it was not intoxicating. The evidence showed the sales to have been in a building in Somerset during the whole time alleged in the indictment.

The defendant also offered to prove that he had been previ-ously acquitted, upon an indictment at the last December term of this court, charging him with a nuisance in keeping and maintaining a tenement at Somerset, used for the illegal sale of intoxicating liquors during the same time.

*Aiken,* J. rejected this evidence ; and instructed the jury that if the sales were of lager beer, the statute was conclusive that it was intoxicating; but if not lager beer, then it was incum-bent upon the government to satisfy them beyond a reasonable doubt, by evidence, that it was intoxicating liquor. The jury found a verdict of guilty, and the defendant excepted.

*F. F. Heard & J. Brown,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

HOAR, J. The present charge is of a violation of *St.* 1855, c. 215, § 17; and the charge upon which the defendant was ac-quitted was of an alleged violation of *St.* 1855, c. 405, § 2. The offences were not identical. The gist of one offence is the keeping a tenement for an illegal purpose, which makes it a nuisance ; of the other, the doing certain acts which constitute an offence, to the commission of which it is not necessary that the defendant should have been the keeper of any building or tenement whatever. On the trial of the first indictment, the jury would have been properly instructed to acquit the defend-ant, if he did not keep the tenement described, however great a number of sales of intoxicating liquors he might have made within it.

The rule has been often stated, " that unless the first indict-ment were such as the prisoner might have been convicted upon by proof of the facts contained in the second indictment, an acquittal on the first indictment can be no bar to the second." *The King* v. *Vandercomb,* 2 Leach, (4th ed.) 708. 2 Hawk. c. 35, §§ 11, 12. 2 Hale P. C. 244. 1 Russ. on Crimes, (7th Amer. ed.) 836. 2 Gabb. Crim. Law, 332. If the gist of the offence, however, is the same, a conviction on one indictment is a bar to the other; 4 Co. 46 *b*; 2 Hale P. C. 246 ; 2 Gabb. Crim. Law, 333; and this although the offences charged may differ in degree.

In the case at bar, the offence was not different in degree, but in kind, from that of which the defendant had been previously acquitted; the proof of the facts alleged in the second indictment would not have been sufficient for his conviction upon the first; and the reason of his acquittal upon that might very likely have been that he was only guilty, and should therefore have been indicted, for the offence set forth in this.

The other exception, which was not much pressed at the argument, has been overruled by the court in other cases, and is clearly untenable. *Commonwealth* v. *Anthes,* 12 Gray,

*Exceptions overruled*