## EX PARTE AMANUEL BURKE.

1. CRIMINAL LAW. *Examination of accused. Defective affidavit. Duty of committing court.*
   If a justice of the peace, upon examination of one accused of a criminal offence, is satisfied that the offence committed by the accused is one of which the Circuit Court alone has plenary jurisdiction, it is his duty to require of the defendant a recognizance to appear before that court, notwithstanding the fact that the affidavit upon which the warrant of arrest is issued may only charge a misdemeanor within the jurisdiction of the justice of the peace.

2. SAME. *Affidavit. Warrant. Duty of justice of peace.*
   An affidavit before a justice of the peace, charging a criminal offence, serves to procure the warrant for the arrest of the accused, and when the prisoner

is brought before the justice of the peace, he should determine the grade of
the offence proved, and then render his judgment according to the directions
of the statute as applicable to the case developed.

APPEAL from the decision of Hon. F. A. CRITZ, Chancellor
of the Sixth Judicial District, on *habeas corpus*.

Amanuel Burke was arrested under a warrant from a justice
of the peace, based upon an affidavit charging that he " did
feloniously make an assault and battery upon the person of
William Henry Chandler, with a certain deadly weapon, to
wit, a knife, and did cut said Chandler in a dangerous and
cruel manner, not in necessary self-defence," etc.   He was
brought before the justice of the peace on the 31st of Au-
gust, 1880, who, after an examination, entered his judgment,
reciting that " the defendant is guilty as charged," and com-
mitting him to jail to await the further order of the jus-
tice, or until otherwise legally discharged.   The justice's
*mittimus* on this judgment recites that, Burke having been ex-
amined before him " on a charge of assault and battery, and
the said charge having been established," the sheriff is com-
manded to receive and keep the prisoner as therein directed.

On the 2d of September, 1880, the justice of the peace en-
tered another judgment, to the effect that the prisoner had
been brought before the court for a further examination, and,
a physician having testified that Chandler's wounds were im-
proving and he was apparently out of danger, the prisoner
was recommitted to jail until the next term of the Circuit
Court to answer the charge against him, but with the privilege
of giving a bond of $300 for his appearance.   The *mittimus*
on this judgment recited, substantially, that Burke had been
arrested upon a charge of assault and battery, and, upon ex-
amination, the charge had been established; he had been
bound over to appear at the next term of the Circuit Court,
and his bond fixed at $300, and that the sheriff should receive
and keep him safely to appear before the Circuit Court, unless
he should give the bond prescribed.

On the third day of September, 1880, Burke sued out a writ

of *habeas corpus.* He had a hearing upon this writ, and was remanded to jail, to be held by the sheriff in accordance with the *mittimus* in his hands. ·From the chancellor's decision the prisoner appealed.

*A. B. Connell,* for the appellant.

The affidavit upon which was issued the warrant for Burke's arrest did not contain the charge of any intent, and, therefore, did not constitute a charge of felony. Code 1871, sect. 2497.

The first judgment of the justice of the peace was void because it did not state the time of commitment. A judgment must be certain and definite. The judgment remanding the appellant to jail was in violation of that provision of the Constitution which prohibits any person's life or liberty being put twice in jeopardy for the same offence. The appellant was tried first on the 31st of August, and committed without the privilege of bail; and on the 2d of September he was again tried and committed, with the right to give bond for his appearance.

The affidavit only charged the appellant with an assault and battery, the judgment found him guilty of assault and battery only, and the *mittimus* recited a finding of only assault and battery; therefore the justice of the peace should have fixed the punishment of the offence, it being a mere misdemeanor. Code 1871, sect. 1304.

*T. C. Catchings,* Attorney-General, *contra.*

Campbell, J., delivered the opinion of the court.

The affidavit on which the justice of the peace issued a warrant for the accused does not charge him with a felony, but the facts stated may amount to a felony; and if the justice was satisfied that the accused was guilty of a felony, it was his duty to require of him a recognizance to appear before the Circuit Court, and he was not illegally detained by the sheriff under the *mittimus* of the justice of the peace. The affidavit served to procure the warrant for the arrest of the party

charged, and when he was before the justice of the peace it was the duty of that officer to determine as to the grade of the offence proved against the prisoner, and if found to be such that the Circuit Court alone had cognizance of it, it was proper to require a recognizance to appear before the Circuit Court.

Judgment affirmed.