FRANK LARSON v. STATE OF NEBRASKA.

FILED FEBRUARY 25, 1913.   No. 17,875.

Criminal Law: FORMER JEOPARDY. If during a trial of a misdemeanor before a magistrate it appears to him that the defendant should be put upon his trial for a felony, and the magistrate orders a new complaint to be filed, and proceeds, under section 327 of the criminal code, to sit as an examining magistrate, finds probable cause, and binds the accused over to the district court to answer to the felony, the fact that the accused had entered upon his trial before a court having jurisdiction of the misdemeanor will not constitute a good plea in bar to the information for the felony in the district court. *Thompson v. State*, 6 Neb. 102.

ERROR to the district court for Merrick county: GEORGE H. THOMAS, JUDGE. *Affirmed as to conviction, and reversed as to costs.*

*Martin & Bockes,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

LETTON, J.

The defendant was arrested upon a charge of assault and battery. He was taken before the county judge of Merrick county, arraigned upon the complaint, and pleaded not guilty. A jury was waived. Evidence was adduced by the state and by defendant, and both rested. After this was done, and before any decision, the county attorney moved the court to stop all further proceedings, and to

put him upon a hearing for an offense not cognizable before a magistrate, and to proceed as in other criminal cases exclusively cognizable before the district court. The court sustained the motion, to which the defendant excepted. A new complaint was filed, charging an assault with intent to inflict great bodily injury, which is a felony. A warrant was issued and the defendant arrested on this charge. He objected to any hearing upon the latter complaint, for the reason that he had already been placed in jeopardy. This was overruled, and after a hearing the court found there was probable cause and bound him over to the district court.

In the district court an information was filed upon the same charge. The defendant interposed a plea in bar, setting forth specifically all the proceedings before the county judge, and pleading that he had already been placed in jeopardy, and by operation of law had been discharged and acquitted upon the charge of assault. A demurrer to this plea was filed by the state, which was sustained. The plea in bar was overruled, and a trial was had over his objections. The jury found that the defendant was not guilty of assault with intent to inflict great bodily injury, and found that he was guilty of assault. A motion to set aside that portion of the verdict finding the defendant guilty of assault and a motion in arrest of judgment were filed and overruled, and a fine and costs adjudged against the defendant.

After sentence, defendant also filed a motion to retax the costs, for the reason that the costs in the district court were made in the effort to convict him of the alleged crime of assault with intent to inflict great bodily injury, while the jury found that the defendant is not guilty upon that charge. This was also overruled.

The defendant assigns error of the district court in sustaining the demurrer to the plea in bar and in overruling the same, and further complains that the court erred in overruling the motion to retax the costs in the district court.

Section 327 of the criminal code provides: "If in the progress of any trial before a magistrate, under the provisions of this chapter, it shall appear that the defendant ought to be put upon his trial for an offense not cognizable before a magistrate, the magistrate shall immediately stop all further proceedings before him, and proceed as in other criminal cases, exclusively cognizable before the district court." The defendant insists that this provision is unconstitutional as in violation of section 12, art. I of the constitution, providing that no person shall be "twice put in jeopardy for the same offense." The constitutionality of this section we think is really not involved whichever view is taken as to the question of former jeopardy, because the first complaint might be for a misdemeanor not identical with the offense for which the defendant is bound over, and no such question could then arise. The real question presented is not whether this section is constitutional, but whether, when a defendant has been put upon trial for a misdemeanor before a magistrate and the trial has proceeded to such an extent that jeopardy is attached, this will be a bar to a subsequent prosecution for a like offense accompanied by such circumstances of enormity or aggravation as to bring it within a class made felonies by the statute.

A like question to that presented in this case was decided at an early day in the history of this state in the case of *Thompson v. State*, 6 Neb. 102. In that case a person was accused and tried upon the charge of petty larceny. The jury returned a verdict of guilty, and fixed the value of the property stolen at $35. Upon this verdict no judgment was rendered, but the magistrate required the accused to appear before the district court, where he was convicted of grand larceny. A plea of *autrefois convict* was interposed, which upon demurrer was adjudged insufficient. Upon review this court sustained the district court, for the reason that the magistrate had no jurisdiction to determine the question of guilt of a felony, saying: "It should be borne in mind that it is an indispensable requisite to a

plea of *former conviction* that the court whose record is relied upon to sustain it had jurisdiction of the alleged offense." The same rule would, of course, apply to a plea of *autrefois acquit* or former jeopardy. While, as defendant contends, many authorities and a number of text-writers take a different view with respect to cases where the only difference in the two crimes charged is one of degree, a number of other courts take the same view as was taken by this court. *State v. Reiff,* 14 Wash. 664; *State v. Campbell,* 40 Wash. 480, 82 Pac. 752; *State v. Hattabough,* 66 Ind. 223; *Commonwealth v. Harris,* 74 Mass. 470; *Commonwealth v. Bubser,* 80 Mass. 83; *Cunningham v. State,* 80 Ga. 4; *Ex parte Burke,* 58 Miss. 50. See, also, a discussion of the subject in *Warren v. State,* 79 Neb. 526, as applicable to a prosecution for robbery and one for murder based upon the same facts. An interesting discussion of the whole question is found in a monographic note to *People v. McDaniels,* 92 Am. St. Rep. 81 (137 Cal. 192). However, as was said in *State v. Campbell, supra:* "But it will not do to lay down a rule to the effect that in a case where, through inadvertence or misinformation of a prosecuting officer, a defendant has been charged with a misdemeanor—for instance, an assault and battery—and it afterwards eventuates that the actual crime committed was that of an assault with intent to commit murder, or even murder, the law must be content with punishing the defendant for the crime of assault and battery or allow him to escape punishment altogether, by reason of the inability of the state to dismiss the action for assault and battery and indict for the greater offense. Such a determination by a court would surely be the clogging, instead of the lubricating, of the wheels of justice." Moreover, the crime of assault with intent to do great bodily injury is not necessarily involved in the crime of assault and battery, and *vice versa.* The assault in the one case may be made by threatening another with a deadly weapon, and without the element of battery. A great bodily injury is injury to the person of a more grave and serious character

than an ordinary battery. *State v. Gillett,* 56 Ia. 459. The prosecution is based upon a different section of the statute and the crime has other constituent elements. We think no error was made, therefore, by the district court in its ruling upon the demurrer and upon the motions other than to retax costs. As to the latter, it seems clear that the proceedings in the district court were unnecessary. We think the defendant is not justly chargeable with the increased costs, and that the motion to retax should have been sustained. *Biester v. State,* 65 Neb. 276.

The judgment of the district court is affirmed as to the judgment of conviction, but is reversed as to the motion to retax costs, and the cause is remanded for further proceedings.

JUDGMENT ACCORDINGLY.

REESE, C. J. dissents.