MIDTOWN PALACE, INC., A NEBRASKA CORPORATION, APPELLANT, V. CITY OF OMAHA, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.
229 N. W. 2d 56

Filed May 15, 1975. No. 39725.

William G. Line of Kerrigan, Line, Martin & Hanson, for appellant.

Herbert M. Fitle and Gary P. Bucchino, for appellee.

Heard before SPENCER, BOSLAUGH, and BRODKEY, JJ., and HASTINGS and CLARK, District Judges.

HASTINGS, District Judge.

By this action, plaintiff seeks a declaratory judgment that ordinance No. 18.04.070 of the City of Omaha has been rendered void by reason of the provisions of sections 28-926.11 to 28-926.33, R. S. Supp., 1974, and to enjoin the defendant City of Omaha from instituting any proceedings against the plaintiff under the provisions of that ordinance. The trial court found that plaintiff was not entitled to any relief and ordered the petition dismissed. We affirm that judgment.

Plaintiff is a holder of a Class C liquor license issued by the Nebraska Liquor Control Commission authorizing plaintiff to sell alcoholic liquor by the drink. Plaintiff operates a night club and according to its petition, "believes it is entitled to put on live performances consisting of so-called topless dancing wherein female dancers dance with uncovered breasts." The ordinance in question provides in part as follows: "18.04.070 Grounds for revocation or suspension. A retail license to sell alcoholic liquors, which this Council is legally empowered to revoke, may be either revoked or suspended by the City Council whenever it shall find, after notice and hearing as provided by law that the holder of any such license has violated . . . any . . . ordinance of the City now existing or hereafter passed, enacted in the interest of

good morals and decency; or for any one or more of the following causes: . . .

"6. It shall be cause for revocation or suspension as herein provided if the licensee, . . . shall allow any live person to appear, or have reasonable cause to believe that any live person shall appear in any license premises in a state of nudity, to provide entertainment, to provide service, to act as hostess, manager or owner, or to serve as an employee in any capacity.

"For the purpose of this Subsection, the term 'nudity' shall mean the showing of the human male or female genitals, pubic area or buttocks or the human female breast including the nipple or any portion below the nipple with less than a full opaque covering. . . ."

The word obscene is defined by section 28-926.11, R. S. Supp., 1974, as follows: "(9) Obscene shall mean: (a) Work, material, conduct or live performance which taken as a whole predominantly appeals to the prurient interest, a shameful or morbid interest in nudity, sex or excretion, which goes beyond customary limits of candor in description or representation of such matters, (b) work, material, conduct or live performance which depicts or describes in a patently offensive way sexual conduct specifically set out in sections 28-926.11 to 28-926.33, and (c) work, conduct, material or live performance which taken as a whole lacks serious literary, artistic, political or scientific value as determined by the average person applying contemporary community standards; . . .

"(14) Sexual conduct shall mean acts of masturbation, homosexuality, sodomy, sexual intercourse, or prolonged physical contact with a person's clothed or unclothed genitals, pubic area, or buttocks or, if such person be female, breast; . . . ."

Section 28-926.33, R. S. Supp., 1974, provides as follows: "In order to provide for the uniform application of sections 28-926.11 to 28-926.33 within the state, it is intended that the sole and only regulation of the commercial dis-

tribution of any work, material, conduct or live performance described as obscene shall be under sections 28-926.11 to 28-926.33, and no municipality, county, or other governmental unit within this state shall make any law, ordinance or regulation relating to obscenity, or licenses or taxes respecting the obscene work, material, conduct or live performance as regulated by the state under sections 28-926.11 to 28-926.33. All such laws, ordinances, regulations, special or discriminatory taxes, or licenses, whether enacted or issued before or after sections 28-926.11 to 28-926.33, shall be or become void, unenforceable, and of no effect upon March 25, 1974."

The case was tried on a brief written stipulation of facts which admitted that the live performances of topless dancing which plaintiff believed that it was entitled to put on would violate the ordinance in question and if plaintiff permitted such performances on its premises defendant's city council would hold a hearing to determine if the ordinance had been violated and if it did so find, could suspend or revoke plaintiff's license.

The sole issue presented by this appeal is whether the ordinance in question seeks to define and prohibit obscenity and if it does, defendant concedes that it would be void and unenforceable because of the provisons of section 28-926.33, R. S. Supp., 1974.

Nudity and obscenity are not synonymous. A nude performance does not become an obscene performance unless, taken as a whole, it appeals predominantly to the prurient interest, a shameful interest in nudity or sex beyond the customary limits of candor, it describes in a patently offensive way sexual conduct specifically proscribed by state law, and, taken as a whole, it lacks serious artistic value as determined by the average person applying contemporary community standards. See, Miller v. California, 413 U. S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419; § 28-926.11, R. S. Supp., 1974.

The ordinance does not declare nudity to be obscene nor delineate it as a crime. It does attempt to control

nudity as a technique in selling liquor. This is a legitimate object. As stated in Paladino v. City of Omaha, 471 F. 2d 812: "We understand the rule in LaRue to be that under the twenty-first amendment, the state (or city) may proscribe sexually oriented performances, not otherwise obscene or illegal, in establishments which it licenses to sell liquor by the drink."

This court has recognized that an ordinance may prohibit conduct in a liquor establishment which might not otherwise fit the definition of obscene, as stated in Major Liquors, Inc. v. City of Omaha, 188 Neb. 628, 198 N. W. 2d 483: "Is the restriction against females dancing when 'topless' or seminude an unreasonable regulation of businesses engaged in dispensing alcoholic liquors? We conclude that it is not. . . . One who consumes alcoholic liquors necessarily succumbs to their influence for the time being. He is more susceptible to ideas and emotions generated by the environment and much more likely to accept what transpires in a lewd or obscene manner than if he viewed the same degree of nudity in an art gallery or witnessed the same activities on the legitimate stage."

We conclude, as did the trial court, that a city ordinance which prohibits nudity in a liquor establishment is not rendered void by a statute which reserves solely unto the state the power to control obscenity. The judgment of the District Court is affirmed.

AFFIRMED.