## Robert Montgomery, et al. v. Robert W. Watts

[380 A.2d 75]

No. 63-77

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed October 31, 1977

*Gensburg & Axelrod*, St. Johnsbury, for Plaintiffs.

*Witters, Zuccaro, Willis & Lium, Inc.*, St. Johnsbury, for Defendant.

**Billings, J.** This cause arises by reason of appeal by the appellant-defendant who was found guilty of paternity as a result of a jury verdict. 15 V.S.A. § 331. At trial, the court instructed the jury that the degree of proof on the issuance of paternity is by a preponderance of the evidence. The appellant urges that the proper degree of proof in paternity cases is the higher civil standard of clear and convincing evidence. We do not agree.

This is a case of first impression here. Prosecution in bastardy or paternity actions is statutory, 15 V.S.A. § 331, and although in form criminal, is in fact a civil remedy. *Bielawski* v. *Burke*, 121 Vt. 62, 147 A.2d 674 (1959); *Beattie* v. *Traynor*, 114 Vt. 238, 42 A.2d 435 (1945). The action being civil in nature and the sole purpose of the action being to compel support from the putative father, a defendant found guilty in a bastardy proceeding is not faced with the possibility of a fine or imprisonment. He generally suffers a money judgment consisting of support payments and medical expenses as in the instant case. The action is commenced as a civil action and discovery is generally available. The essence of the action being civil, plaintiff's burden is to prove paternity by a preponderance of the evidence. See *I.* v. *D.*, 60 N.J. Super. 211, 158 A.2d 716 (1960).

Admittedly, it is easy for a woman to bring an action of paternity against a man. But the man is not defenseless. He may

deny the charge. He may introduce evidence that the mother had sexual intercourse with another man or other men or that there was no access during the period within which the child must have been conceived. These factors afford the defendant sufficient safeguards against an unjust suit. See *Huntingdon* v. *Crowley*, 64 Cal. 2d 647, 414 P.2d 382, 51 Cal. Rptr. 254 (1966).

We are unable to find any policy reason requiring anything other than the preponderance standard. Even if we could, it is difficult to perceive prejudice to the defendant from the charge as given when, in testifying, he would neither deny or admit paternity.

*Affirmed.*