289 S.E.2d 465

**STATE ex rel. Pamela J. TORYAK**

v.

**Ralph A. SPAGNUOLO.**

No. 14939.

Supreme Court of Appeals of
West Virginia.

March 23, 1982.

Rehearing Denied May 27, 1982.

Douglas A. Cornelius, Clarksburg, for appellant.

Chauncey H. Browning, Jr., Atty. Gen., and B. Keith Huffman, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

The appellant, Ralph Spagnuolo, appeals from a final decision of the Circuit Court of Harrison County adjudicating him to be the father of an illegitimate child. The appellant's assignments of error raise the question of what is the proper standard of proof in a paternity action. The appellant contends that the lower court improperly held that only proof by a preponderance of the evidence was required. We disagree.

The appellant was arrested June 13, 1979, on a warrant charging him with fathering appellee's illegitimate child. Appellant's first trial on November 13, 1979, ended in a mistrial. At his retrial on March 18 and March 19, 1980, the jury concluded that appellant had fathered appellee's child and the court ordered him to pay $100.00 per month child support until the child reaches age eighteen or dies. The appellant contends here that paternity proceedings pursuant to *W.Va.Code*, 48-7-1, *et seq.*, are essentially criminal trials, and the lower court should have applied the standard of proof beyond a reasonable doubt instead of proof beyond a preponderance of the evidence. In support of his contention that paternity proceedings are criminal actions, appellant notes that in such actions: a warrant is issued, the defendant is arrested, required to post bond and may be imprisoned for noncompliance;[1] he must plead guilty or not guilty; he has a right to a jury trial; the action is prosecuted by the county prosecutor, and, if convicted, the defendant can be imprisoned for failure to post bond and pay child support.

Our law is settled that "(a) proceeding in bastardy, though criminal in form, is in substance a civil and not a criminal action...." Syllabus Point 4, *State ex rel. Rufus v. Easley*, 129 W.Va. 410, 40 S.E.2d

---

**1.** *But see, Kolvek v. Napple,* 158 W.Va. 568, 212      S.E.2d 614 (1975).

827 (1946). Paternity actions in West Virginia have traditionally been considered civil actions. *State ex rel. Worley v. Lavender*, 147 W.Va. 803, 131 S.E.2d 752 (1963); *State ex rel. Crouser v. Mercer*, 141 W.Va. 691, 92 S.E.2d 745 (1956); *Holmes v. Clegg*, 131 W.Va. 449, 48 S.E.2d 438 (1948); *State v. Easley*, 129 W.Va. 410, 40 S.E.2d 827 (1946); *State ex rel. Cottrill v. Jarvis*, 121 W.Va. 496, 5 S.E.2d 115 (1939); *Waters v. Riley*, 87 W.Va. 250, 104 S.E. 559 (1920); *Bowen v. Parsons*, 78 W.Va. 791, 90 S.E. 336 (1916); *Bratt v. Cornwell*, 68 W.Va. 541, 70 S.E. 271 (1911). Accordingly, the standard of proof has always been that only a preponderance of the evidence is necessary to a conviction in a bastardy proceeding. *Pope v. Kincaid*, 99 W.Va. 677, 129 S.E. 752 (1925). The majority of other jurisdictions in this country, likewise, hold that paternity proceedings are civil suits to be proven by a preponderance of the evidence. *Keener v. State*, 347 So.2d 398 (Ala.1977); *Huntingdon v. Crowley*, 51 Cal.Rptr. 254, 64 Cal.2d 647, 414 P.2d 382 (1966); *People ex rel. Staples v. Prude*, 18 Ill.App.3d 269, 309 N.E.2d 670 (1974); *State v. Stevens*, 279 Minn. 390, 157 N.W.2d 52 (1968); *Snay v. Snarr*, 195 Neb. 375, 238 N.W.2d 234 (1976); *State (F) v. M*, 96 N.J.Super. 335, 233 A.2d 65 (1967); *Montgomery v. Watts*, 135 Vt. 464, 380 A.2d 75 (1978); 10 Am.Jur.2d *Bastards* § 75.

The critical distinction between a civil and a criminal proceeding is the imposition of a jail term. *Board of County Commissioners of Jefferson County v. Mountain Air Ranch*, 192 Colo. 364, 563 P.2d 341 (1977); *State v. Belitz*, 203 Neb. 375, 278 N.W.2d 769 (1979). *State v. Bowles*, 113 N.H. 571, 311 A.2d 300 (1973); *Brown v. Multnomah County District Court*, 280 Or. 95, 570 P.2d 52 (1977); *State v. Mayes*, 245 Or. 179, 421 P.2d 385 (1966). A jail term is never the direct result of a determination of paternity.[2] By statute, a court can only order defendants to post bond, *W. Va. Code*, 48–7–1 [1969], and pay child support. A jail term may not be imposed unless the defendant fails to comport himself with the court's orders and then the sentence is only for contempt of court, not because he has fathered an illegitimate child.

We note that although no jail sentence may be imposed in a paternity proceeding, this Court is cognizant of its procedural resemblance to a criminal action, and concomitantly, the additional burdens placed on a defendant. Accordingly, we have eschewed, for due process purposes, the distinction between criminal and civil suits in paternity actions. In the consolidated case of *State ex rel. Graves v. Daugherty* and *State ex rel. Gue v. Dunbar*, 164 W.Va. 726, 266 S.E.2d 142 (1980), respectively, we held that due process requires an indigent defendant charged with paternity of an illegitimate child be provided a court appointed attorney and indigent paternity defendants who move for blood grouping tests are entitled to have the expense born by the State. Our holdings in these cases did not change the basic premise that paternity suits are civil in nature. They only recognized the needs of paternity defendants for greater protections.

For the foregoing reasons, the decision of the Circuit Court of Harrison County is hereby affirmed.

Affirmed.

---

2. The usual purpose of a civil suit is to exact compensation, not to punish the one at fault. *Johnson Waste Materials v. Marshall*, 611 F.2d 593 (5th Cir. 1980). Similarly, the purpose of a bastardy proceeding is to provide the mother with the wherewithal to keep the child from becoming a ward of the state. *State ex rel. Worley v. Lavender*, 147 W.Va. 803, 131 S.E.2d 752 (1963).