STATE OF NEBRASKA, APPELLEE, v. KENNETH W. BLAIR,
APPELLANT.

433 N.W.2d 518

Filed December 30, 1988.   No. 88-061.

James L. Rold, of Rold, Peppard & Piccolo, for appellant.

Herbert M. Fitle, Omaha City Attorney, Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Defendant, Kenneth W. Blair, appeals from the district court's affirmance of his conviction in the county court for Douglas County for violation of Omaha Mun. Code, ch. 20, art. II, § 20-22 (1982), resisting arrest. We affirm.

Taking a view of the facts most favorable to the State, on July 15, 1987, at approximately 3 p.m., Sgt. Jamie Leavitt of the Omaha police force was called to the vicinity of 5300 North 52d Street to investigate a complaint about a prowler. Using a description of the prowler given by the caller, Sergeant Leavitt made an investigation of the surrounding area. Within 20 minutes after the incident, he located a person matching the description approximately two blocks from where the incident was reported to have occurred. Sergeant Leavitt approached the party, who was later determined to be the defendant, Kenneth Blair, for questioning. When asked by Sergeant Leavitt whether he lived in the area, the defendant responded, "Go fuck yourself." Further attempts by Sergeant Leavitt to gather information from the defendant were met by repeated, loud, verbal abuse and obscenities, such as calling the sergeant a "muthafucker." Sergeant Leavitt told the defendant he was under arrest for disorderly conduct. Then, Sergeant Leavitt and another Omaha police officer who had also arrived at the scene attempted to handcuff the defendant. According to Sergeant Leavitt's testimony, the defendant struggled and resisted handcuffing, and it took approximately 10 to 15 minutes to subdue and arrest him.

The defendant was charged with violating Omaha Mun. Code § 20-22, resisting arrest, and Omaha Mun. Code, ch. 20, art. III, § 20-42 (1982), disorderly conduct. The county court

for Douglas County, denying defendant's motion for a jury trial, heard and tried the charges. Though finding that probable cause existed for the arrest, the court found the defendant not guilty of disorderly conduct but guilty of resisting arrest. The defendant was sentenced to pay a fine of $300 and ordered to pay the costs of prosecution. On appeal to the district court for Douglas County, the court affirmed the defendant's conviction for resisting arrest.

Defendant appeals to this court, assigning several errors which are summarized as follows. The county court for Douglas County erred in (1) denying the defendant a jury trial; (2) denying defendant's request for discovery prior to trial; (3) denying defendant's motion for a continuance; (4) failing to admit an exhibit, which was medical records detailing the extent of injuries suffered by the defendant in the course of being subdued by the arresting officers; (5) permitting a hostile witness to testify beyond the scope of adverse direct examination; (6) finding sufficient evidence to convict the defendant of the crime charged; and (7) not finding that the defense of justification and consciousness barred conviction of the offense charged.

In support of his first assignment of error, that the trial court erred in failing to grant defendant's request for jury trial, defendant makes two arguments. His first argument relates to the charge filed against him. An examination of the defendant's county court docket record has the following entries listed: "07-15-87 ARRESTED CHARGE . . . RESIST ARRST - 28-904" and "07-27-87 FILED CHARGE . . . RESIST ARRST - 20-22." Based on the above docket entries, defendant argues that he was originally charged with resisting arrest under state statute, Neb. Rev. Stat. § 28-904 (Reissue 1985), and that on July 27, 1987, "without notice to the Appellant, the City of Omaha prosecutor filed a charge of violating Omaha Municipal Code Section 20-22, Resisting Arrest," thereby depriving the defendant the right to make a selection of a jury or nonjury trial. Brief for appellant at 9. "Appellant is . . . aggrieved because the [city] prosecutor . . . consistently convert[s] all statutory charges to ordinance violations with the express purpose of avoiding jury trials." *Id.* at 19.

Defendant's first argument attacks the discretion the city attorney, as prosecutor for the city, has in determining what charges are to be formally filed for crimes committed within city limits that are addressed by both municipal ordinance and state statute. In *State v. Belitz*, 203 Neb. 375, 278 N.W.2d 769 (1979), *cert. denied* 444 U.S. 933, 100 S. Ct 278, 62 L. Ed. 2d 191, this court held that the Omaha city prosecutor did not abuse his discretion in filing a misdemeanor charge under city ordinance rather than a felony under the sexual assault statutes, even though there was sufficient evidence to file the greater charge.

> There are many offenses which contain elements, common to both misdemeanors and felonies, and which might legitimately be filed either as a misdemeanor or a felony. It is necessary then that some discretion lie with the prosecutor and the court. . . . "It is the clear responsibility of prosecutors to examine the evidence, the statutes, and the cases to make a proper determination of the charge which the evidence will support." . . . "The prosecutor is not obliged to present all charges which the evidence might support. . . ." . . . "Nor is it desirable that he prosecute all crimes at the highest degree available. . . . In exercising discretion in this way, the prosecutor is not neglecting his public duty or discriminating among offenders. The public interest is best served and even-handed justice best dispensed not by a mechanical application of the 'letter of the law' but by a flexible and individualized application of its norms through the exercise of the trained discretion of the prosecutor as an administrator of justice."

(Citations omitted.) 203 Neb. at 381-83, 278 N.W.2d at 774. The record reveals no abuse of discretion on the part of the Omaha city prosecutor.

We do not address whether the equal protection clause of the U.S. Constitution is violated by permitting an offender who could be charged with either a municipal ordinance violation or statutory violation to be prosecuted for violation of a municipal ordinance, thereby denying the offender the opportunity to request a jury trial, rather than prosecuting under the state statute. This issue was not raised at trial below, and "[a]n issue

not presented to or passed upon by the trial court is not an appropriate issue for consideration on appeal." *First Nat. Bank v. Rickel, Inc.*, 229 Neb. 478, 481, 427 N.W.2d 777, 779 (1988).

Defendant's second argument in support of his first assignment of error is that even when offenders are charged with violations of municipal ordinances, the county court never exercises its discretion but "arbitrarily" denies requests for jury trials "as a matter of habit and routine" without a hearing, and, as such, this practice constitutes an abuse of discretion. The defendant is incorrect in presuming the county court has the discretion to grant jury trials in criminal cases for violations of municipal ordinances. Neb. Rev. Stat. § 24-536 (Reissue 1985) states that "[e]ither party to any case in county court, *except criminal cases arising under city or village ordinances* . . . may demand a trial by jury." (Emphasis supplied.) As the State correctly pointed out in oral argument to this court, the county court judge had no discretion to grant a jury trial in this case. Based on the foregoing, defendant's first assignment of error lacks merit.

Defendant's second and third assignments of error center on the trial court's denial of his "Motion for Discovery and Production or Alternatively for a Continuance." Apparently, the discovery the defendant wished to conduct involved deposing an alleged witness who had denied any knowledge of the incident to him, but gave an hour-long interview to police. The discovery included the names and addresses of two postal workers who had supposedly observed the incident and were also interviewed by the police. His request for a continuance was so that he could complete discovery of the witnesses mentioned. The U.S. Supreme Court has held that a defendant has no general constitutional right to discovery. *Weatherford v. Bursey*, 429 U.S. 545, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977). "[I]n a criminal case, the trial court is vested with broad discretion in considering discovery requests of defense counsel and error can be predicated only upon an abuse of such discretion." *State v. Isley*, 195 Neb. 539, 544, 239 N.W.2d 262, 266 (1976). "A motion for a continuance in a criminal case is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing

of abuse of discretion." *State v. Eichelberger*, 227 Neb. 545, 556, 418 N.W.2d 580, 588 (1988).

We note that defendant concedes in his brief that none of these alleged witnesses were called by the prosecution at trial, and nothing in the record supports the assertion that such witnesses exist. More importantly, defendant's assignments are irrelevant, since the defendant had no justification to resist arrest. Without going into further speculation, it appears from the argument in defendant's brief that the alleged witnesses were to be used to rebut the charge of disorderly conduct which was dismissed by the county court. Assignments Nos. 2 and 3 are without merit, since the record discloses no abuse of discretion on the part of the trial court in overruling defendant's motion for discovery and continuance.

The fourth assignment of error, exclusion of the exhibit containing medical records of injuries suffered by the defendant during the arrest, is also without merit. "It is within the trial court's discretion to admit or exclude evidence, and such rulings will be upheld on appeal absent an abuse of discretion." *State v. Methe*, 228 Neb. 468, 471, 422 N.W.2d 803, 806 (1988). Evidence as to the extent of injuries in this case is irrelevant, since injuries can be inflicted in effecting an arrest during the justified use of force in overcoming resistance.

Defendant's fifth assignment of error focuses on his claim that the court permitted a hostile witness to testify beyond the scope of adverse direct examination, on cross-examination by the prosecutor. "In the absence of an abuse of discretion, a trial court's ruling regarding the extent, scope, and course of cross-examination will be upheld on appeal." *Rahmig v. Mosley Machinery Co.*, 226 Neb. 423, 453, 412 N.W.2d 56, 76 (1987). An examination of the record shows that no new matters were introduced in answer to any questions complained of on cross-examination that had not been introduced in answer to questions by the defendant on direct examination; therefore, no prejudice occurred such as to constitute an abuse of discretion by the trial court.

The sixth assignment of error is that the evidence was insufficient as a matter of law to sustain the conviction.

In resolving a challenge to the sufficiency of the evidence

to sustain a conviction, the Supreme Court does not resolve conflicts in evidence, pass on credibility of witnesses, determine plausibility of explanations, or weigh evidence. . . .

. . . [T]he State is entitled to have all its relevant evidence accepted or treated as true, every controverted fact as favorably resolved for the State, and every beneficial inference reasonably deducible from the evidence. . . .

. . . .

. . . . In a case tried to the court without a jury, there is a presumption that the trial court, in reaching its decision, considered only evidence that is competent and relevant. This court will not overturn such a decision where there is sufficient material, competent, and relevant evidence to sustain the judgment.

(Citations omitted.) *State v. Methe, supra* at 471-72, 422 N.W.2d at 806-07. In this case there is sufficient material, competent, and relevant evidence to sustain the defendant's conviction.

The last assignment of error relating to the defense of justification and consciousness is mentioned by defendant in his brief in passing and is not argued to this court. Assignments of error not discussed are not considered by this court. *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986).

The conviction and sentence of the trial court and the affirmance thereof by the district court are affirmed.

AFFIRMED.