STATE OF NEBRASKA, APPELLEE, V.
GEORGE FULLER, APPELLANT.
571 N.W. 2d 638

Filed November 18, 1997.   No. A-97-028.

Michael J. Hansen, of Berry, Kelley & Hansen, for appellant.

Jane K. Brogan, York City Attorney, for appellee.

MILLER-LERMAN, Chief Judge, and SIEVERS and MUES, Judges.

MILLER-LERMAN, Chief Judge.
George Fuller was convicted in the county court for York County of second-offense driving under the influence, in violation of an ordinance of the city of York. His conviction was affirmed by the York County District Court. For the reasons recited below, we affirm the order of the district court.

## BACKGROUND
On June 8, 1995, in response to a citizen's report, York police officer Michael Hanke was sent to check on the welfare of a person seen passed out or sleeping in a parked vehicle in the city of York, York County, Nebraska. Hanke arrived at the scene to find the vehicle with its lights on; the engine running; and the

occupant, who was later identified as Fuller, slumped forward in the driver's seat. The citizen who had called the police made contact with Hanke and told him that the vehicle had been parked for at least 45 minutes and that the person inside had not moved. Hanke stated that he could see that Fuller was breathing, but that he had to rap on the window for quite a long time before he was able to arouse Fuller. When Fuller awakened, he rolled down his window and spoke with Hanke, who noticed a slight odor of alcohol coming from Fuller's car. When Hanke asked Fuller if he knew where he was, Fuller responded that he was in Grand Island. Hanke asked Fuller several times for his driver's license. Initially, Fuller did not appear to understand what Hanke wanted, and after several more requests, Fuller merely rubbed the back of his head. After additional requests, Fuller eventually gave Hanke his driver's license.

Hanke then asked Fuller to perform some field sobriety tests. Hanke noted that Fuller, when getting out of his car, had to hold onto the car to steady himself. Hanke administered the "one-leg-stand" test and the "walk-and-turn" test, each of which, in Hanke's opinion, Fuller failed. Hanke stated that Fuller also failed a preliminary breath test. An inventory search of Fuller's car revealed two empty beer cans and four full beer cans. Hanke testified that, in his opinion, Fuller was in physical control of a motor vehicle while under the influence of alcohol.

Mikki Hoffman, a corrections officer with the York County Sheriff's Department, stated that when Fuller was brought to the jail, he was weaving from side to side and had red, watery eyes. Hoffman said that there was a strong odor of alcohol about Fuller's person.

On June 13, 1995, the State of Nebraska filed a complaint in which it charged Fuller with second-offense driving under the influence, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993). On July 12, Fuller was arraigned, and he requested a jury trial, as was his prerogative. See, e.g., *State v. Hingst*, 251 Neb. 535, 557 N.W.2d 681 (1997). See, also, Neb. Rev. Stat. § 25-2705 (Reissue 1995). The court set November 14 as the date for jury selection.

On July 28, 1995, the Deputy York County Attorney filed a motion to dismiss the foregoing complaint against Fuller, which

motion was granted. Also on July 28, the deputy county attorney filed a complaint in the York County Court charging Fuller with second-offense driving under the influence, in violation of a York city ordinance. It was undisputed that a defendant so charged under the city ordinance is not entitled to a jury trial.

On April 4, 1996, a hearing was held in which Fuller moved to dismiss the charge filed against him on July 28, 1995, based on city ordinance, arguing that prosecutorial vindictiveness resulted in the original charge being dismissed and new charges being filed under the city ordinance so that Fuller was not eligible for a jury trial. The county court overruled Fuller's motion. Following a bench trial, the court found Fuller guilty of the charge and sentenced him to 1 year's probation, a 6-month suspension of his license, a $500 fine, and 48 hours' jail time to be served immediately plus an additional 58 days should Fuller not successfully complete probation. Fuller's conviction was affirmed in the district court. Fuller appeals.

## ASSIGNMENTS OF ERROR

Fuller argues that the county court erred in overruling his motion to dismiss based on prosecutorial vindictiveness designed to deny him a jury trial. Fuller also claims that there was insufficient evidence to convict him of driving under the influence, second offense.

## STANDARD OF REVIEW

Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. McCurry*, 5 Neb. App. 526, 561 N.W.2d 244 (1997).

In determining whether evidence is sufficient to sustain a conviction in a bench trial, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. The trial court's findings have the effect of a jury verdict and will not be set aside unless clearly erroneous. *Id.*

## ANALYSIS

*Refiling of Charges.*

Fuller argues that the county court erred in refusing to grant his motion to dismiss the charges against him because the refiling of the charges under the city ordinance was done as an act of prosecutorial vindictiveness and the refiling of charges precluded him from receiving a jury trial. At oral argument before this court, Fuller's counsel conceded that the jury trial available to Fuller when charged under the state statute was a statutory right, not a constitutional right, such as the jury trial required for a state statutory charge for the more serious third-offense driving under the influence under *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992). As such, Fuller was not deprived of a constitutional right by the refiling of the charge.

In *State v. Blair*, 230 Neb. 775, 433 N.W.2d 518 (1988), the defendant argued that he was aggrieved because the city prosecutor consistently converted all state statutory charges to ordinance violations with the express purpose of avoiding jury trials. The Nebraska Supreme Court held that the city attorney, as prosecutor for the city, did not abuse his discretion in filing a charge under a city ordinance for crimes committed within the city limits that were addressed by both municipal ordinance and state statute.

The *Blair* court cited the holding in *State v. Belitz*, 203 Neb. 375, 278 N.W.2d 769 (1979), *cert. denied* 444 U.S. 933, 100 S. Ct. 278, 62 L. Ed. 2d 191, in which the Supreme Court held that the Omaha city prosecutor had not abused his discretion in filing a misdemeanor charge under city ordinance rather than a felony charge under the state's sexual assault statutes, even though there was sufficient evidence to file the greater charge. In *Belitz*, the Supreme Court commented on prosecutorial discretion in bringing charges, stating that

> "[various factors] require that the prosecutor view the whole range of possible charges as a set of tools from which he must carefully select the proper instrument to bring the charges warranted by the evidence. In exercising discretion in this way, the prosecutor is not neglecting his public duty or discriminating among offenders. The public interest is best served and even-handed justice best dis-

pensed not by a mechanical application of the 'letter of the law' but by a flexible and individualized application of its norms through the exercise of the trained discretion of the prosecutor as an administrator of justice."
*Id.* at 382-83, 278 N.W.2d at 774.

Based on Nebraska jurisprudence and the facts of this case, we conclude that the refiling of the charge against Fuller under the city ordinance by the deputy county attorney was not prosecutorial vindictiveness, but, rather, a proper exercise of prosecutorial discretion.

*Sufficiency of Evidence.*

Fuller argues that his conviction was not supported by relevant evidence, because many of his behavioral manifestations can be explained by his being awakened by Hanke. We disagree.

The city of York's ordinance No. 1645 (March 4, 1993) amended § 36-158 of the city's traffic rules to provide, in part, that "[i]t shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle: (a) while under the influence of alcoholic liquor or of any drug . . . ."

In finding Fuller guilty of driving under the influence under the city ordinance, the trial court in its written order of August 6, 1996, specifically based its finding of guilt on the following:

> 1. The defendant was asleep and slumped forward over the steering wheel;
>
> 2. The arresting officer testified to a slight odor of alcoholic beverage, and the jailer testified to a strong odor of alcohol;
>
> 3. The defendant's [incorrect] statement that he was in Grand Island;
>
> 4. It took several requests for the [d]efendant to provide his driver's license;
>
> 5. The defendant had to steady himself on his car;
>
> 6. He put his foot down three times during the one-leg stand;
>
> 7. He did not walk heel-to-toe on the walk-and-turn test;
>
> 8. He was weaving and did not walk straight at the jail[;] and
>
> 9. His eyes were red, blood shot and watery.

The court stated that none of these items of evidence alone would be sufficient, but that taken together they are sufficient to show a violation of driving under the influence under the city ordinance No. 1645 which makes it an offense to operate or be in actual physical control of any vehicle while under the influence of alcoholic liquor or of any drug.

The evidence was sufficient to support the county court's finding that Fuller was driving under the influence of alcohol, in violation of the city ordinance, as affirmed by the district court.

## CONCLUSION

In accordance with the foregoing analysis, we affirm Fuller's conviction for driving under the influence of alcohol, second offense.

AFFIRMED.