IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF TYRE B.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF TYRE B., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

TYRE B., APPELLANT.

Filed October 16, 2018.    No. A-17-1265.

Appeal from the Separate Juvenile Court of Douglas County: CHRISTOPHER E. KELLY, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Timothy F. Shanahan for appellant.

Donald W. Kleine, Douglas Count Attorney, Paulette Merrell, and Emily A. Peklo, Senior Certified Law Student, for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

INTRODUCTION

Tyre B. appeals the order of the separate juvenile court of Douglas County adjudicating him under Neb. Rev. Stat. § 43-247(1) (Reissue 2016). Tyre argues that there was insufficient evidence to support the juvenile court's finding that he resisted arrest. Finding no merit to his claim, we affirm.

## BACKGROUND

Tyre, a juvenile, was adjudicated for resisting arrest under Neb. Rev. Stat. § 28-904 (Reissue 2016). The adjudication was the result of a petition filed by the State, alleging that Tyre had violated § 28-904 by intentionally preventing or attempting to prevent a police officer from making an arrest and violated § 20-44 of the Omaha Code of Ordinances by obstructing a highway or public passage.

The evidence at the adjudication hearing showed that on June 18, 2017, Officer Vaughn Cotton of the Omaha Police Department was on patrol when he responded to a call from his sergeant. Cotton's sergeant stated that he observed a group of known gang members congregating in front of a liquor store on 30th Street, and that the group had been standing and blocking the sidewalk for 10 to 15 minutes. Cotton responded to the call and drove to the area, where he observed his sergeant attempting to contact two individuals. Cotton observed one of the individuals walking away from his sergeant, and Cotton approached this individual, who later identified himself as Tyre.

Cotton requested that Tyre turn and face away from him, and place his hands on his head. Tyre did not comply with Cotton's request, and instead inquired as to the basis for probable cause. Twice more Cotton requested that Tyre place his hands on his head and turn around, and twice more Tyre refused to comply with the requests. Cotton then attempted to place Tyre's hands behind his back, at which point Tyre "began to tense up in a manner to prevent [Cotton] from placing his hands behind his back." Cotton then was assisted by another officer in bringing Tyre to the ground and placing him in handcuffs. Tyre was informed that he would be charged with obstructing a public passageway and resisting arrest. Another officer contacted Tyre's grandfather, and Tyre was subsequently released.

Cotton was the only prosecution witness present at the adjudication hearing because two other police officers failed to appear. At the close of the hearing, the court granted Tyre's motion to dismiss the charge of obstructing a public passageway and found the State proved beyond a reasonable doubt the charge of resisting arrest. The court specifically found that the encounter between Cotton and Tyre developed into an arrest situation, that two officers had to assist, and that thus, Tyre resisted arrest. Tyre appeals.

## ASSIGNMENTS OF ERROR

Tyre asserts, restated, that there was insufficient evidence to support the juvenile court's finding that he resisted arrest.

## STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Cassandra B. & Moira B.*, 290 Neb. 619, 861 N.W.2d 398 (2015). However, when the evidence is in conflict, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. *Id*. The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt. *State v. Escamilla*, 291 Neb. 181, 864 N.W.2d 376 (2015).

## ANALYSIS

*Arrest Occurred.*

Tyre first argues that because Cotton was not "effecting an arrest" of him, the evidence was insufficient to prove he resisted arrest. Brief for appellant at 7. He relies upon the language of § 28-904 that defines the offense of resisting arrest as "intentionally preventing or attempting to prevent a peace officer . . . *from effecting an arrest*." (Emphasis supplied.) He claims that because an arrest is a seizure that must be justified by probable cause, Cotton could not have been arresting him because he did not have probable cause to seize him. Brief for appellant at 9. We disagree.

Tyre's argument is premised upon Cotton's lack of firsthand knowledge that Tyre had committed a crime. But probable cause exists where facts and circumstances within an officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to warrant one of reasonable caution to believe that an offense has been or is being committed. *State v. Roach*, 234 Neb. 620, 452 N.W.2d 262 (1990). Probable cause is a flexible, commonsense standard that depends on the totality of the circumstances. *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011).

Cotton initially attempted to stop and question Tyre based on information that was reasonably trustworthy, as it came from his superior officer who informed Cotton he had observed the events constituting the obstruction of a public passageway. See *State v. Brewer*, 190 Neb. 667, 212 N.W.2d 90 (1973) (information provided to arresting officers by their superiors provided reasonable grounds to stop and question driver). Tyre argues that because Cotton initially did not intend to arrest Tyre, no arrest was attempted. This argument ignores the actions that followed. Upon his approach, Cotton requested Tyre to turn around and place his hands on his head so Cotton could conduct a pat-down for weapons. When Tyre did not comply with Cotton's requests, Cotton attempted to place Tyre's hands behind his back and the encounter escalated. A second officer's involvement became necessary and they ultimately placed Tyre "on the ground and put his hands behind his back and place[d] him in handcuffs."

Tyre claims that because Cotton did not initially intend to arrest him, he was not "effecting an arrest" as required under § 28-904. But Cotton's initial intention in approaching Tyre does not negate the fact that an arrest subsequently occurred when Tyre did not comply with the officer's requests. In view of the totality of the circumstances, including Tyre's refusal to cooperate, Cotton had probable cause to arrest Tyre.

Tyre also argues that Cotton was unable to state with any certainty that Tyre was ever placed under arrest and was merely "street released." But Cotton's "understanding of the nature of his contact with [Tyre]" does not determine whether an arrest occurred. Brief for appellant at 9.

An arrest is taking custody of another person for the purpose of holding or detaining him or her to answer a criminal charge, and to effect an arrest, there must be actual or constructive seizure or detention of the person arrested. *State v. Heath*, 21 Neb. App. 141, 838 N.W.2d 4 (2013). See, also, *State v. White,* 209 Neb. 218, 306 N.W.2d 906 (1981); *State v. Ellingson*, 13 Neb. App. 931, 703 N.W.2d 273 (2005). An arrest is defined as taking, seizing, or detaining the person of

another. *State v. Ellingson, supra.* Moreover, a seizure of a person occurs when, in view of all circumstances surrounding the incident, a reasonable person would believe that he or she was not free to go. *State v. Botts*, 299 Neb. 806, 910 N.W.2d 779 (2018). See, also, *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017) (finding seizure occurs if, in totality of circumstances, reasonable person would believe that he or she was not free to ignore officer's request).

Once Tyre was taken to the ground, a seizure had occurred. He had been actually seized and a reasonable person in Tyre's position would not believe that he was free to go or ignore the officer's requests. Although Tyre was "street released," Cotton explained that is the policy of the police department to release juveniles who commit a misdemeanor to the custody of his or her parents or to themselves. The facts set forth above are sufficient to prove an arrest occurred, regardless of the ultimate release of Tyre.

*Tyre Resisted Arrest Under § 28-904(1)(c).*

Finally, Tyre argues that if a valid arrest did occur, Tyre did not resist arrest under § 28-904(1), which states:

> A person commits the offense of resisting arrest if, while intentionally preventing or attempting to prevent a peace officer, acting under color of his or her official authority, from effecting an arrest of the actor or another, he or she: (a) uses or threatens to use physical force or violence against the peace officer or another; (b) uses any other means which creates a substantial risk of causing physical injury to the peace officer or another; or (c) employs means requiring substantial force to overcome resistance to effecting the arrest.

Both parties agree that § 28-904(1)(c) provides the only basis for Tyre to be adjudicated for resisting arrest. We agree with the juvenile court that Tyre's resistance was sufficient to meet the requirements of § 28-904(1)(c).

The Nebraska Supreme Court has held that if an individual struggles while officers are working to arrest him, he commits the crime of resisting arrest. *State v. Blair*, 230 Neb. 775, 433 N.W.2d 518 (1988). And resisting an officer's attempt to handcuff a suspect has been found to constitute resisting arrest where it took two officers to accomplish the task. See *State v. Lingle*, 209 Neb. 492, 308 N.W.2d 531 (1981). Recently, the Nebraska Supreme Court described a person's actions as "actively resisting arrest" when on two occasions she "resisted by stiffening her arm and holding it out away from her body." *Waldron v. Roark*, 298 Neb. 26, 44, 42, 902 N.W.2d 204, 219, 217 (2017).

Here, the evidence is uncontroverted that Tyre physically resisted Cotton's attempts to handcuff him and that assistance from a second officer was required. Because of Tyre's resistance, it took two officers to place Tyre on the ground, place his hands behind his back, and handcuff him. This evidence is sufficient to sustain a finding that Tyre employed means requiring substantial force to overcome resistance to effecting the arrest.

## CONCLUSION

The record is sufficient to support a conviction of resisting arrest and the juvenile court did not err in adjudicating Tyre. We therefore affirm its order.

AFFIRMED.