HAROLD O. WOODS, COUNTY TREASURER, APPELLANT, V. BROWN COUNTY, APPELLEE.*

FILED DECEMBER 22, 1933. No. 28575.

*Rehearing of case reported, *ante*, p. 256.

*William M. Ely*, for appellant.

*Ben H. Burritt, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and CLEMENTS, District Judge.

GOOD, J.

This cause is before us on rehearing. The former opinion is reported, *ante*, p. 256, reference to which is made for a complete statement of the facts.

This appeal involves 216 salary claims against Brown county. It appears that when these claims were filed the general fund from which they were payable was either greatly depleted or entirely exhausted. By an arrangement between the claimants, the county board, and the county treasurer, the latter was directed by the county

board to use other funds, in his control and possession as county treasurer, to purchase the claims and take assignments thereof to himself in his official capacity. This course was pursued until the amount of the claims thus acquired aggregated $22,016.76, after which the practice was discontinued. Subsequently the county board rejected and disallowed all of the claims, and the county treasurer appealed to the district court. There he set up the facts fully in his petition. The county answered, admitting all the allegations of plaintiff's petition; admitted that the services for which the claims were filed had been rendered; that the salaries had been fixed by law; that the claims were just and unpaid; and failed to plead any defense to the claims. A jury was waived and the cause submitted to the court upon the pleadings and a stipulation of facts. The district court entered a judgment, finding that all of the claims were fully paid and discharged, and that the plaintiff had no valid claim against the county, or against the assignors of the several claims. From that judgment the county treasurer has appealed.

Defendant has not filed a brief and has not presented oral argument in this court. At every step, except in the one act of the county board rejecting and disallowing the claims, the county has admitted, and now concedes, that the claims are just and have not been paid from any proper funds of the county.

It must be conceded that the treasurer had no authority to use the trust funds, in his possession as treasurer, to purchase the claims in question; nor did the county board have authority to direct him so to do. It is also true that, with the trust funds in his possession, the county treasurer purchased and took an assignment of these claims. He is the proper custodian of the funds that were used. He is, in his official capacity, the holder of the claims thus assigned to him as security for public funds. He is entitled to enforce their payment, if they are valid and just, to reimburse the funds so wrongfully used. By his acts, the plaintiff, in effect, made a loan of public funds.

Section 77-2601, Comp. St. 1929, is applicable to the situation here and authorizes suit by the treasurer. That section in part provides: "In all cases in which public moneys, or other funds belonging to the state or to any county, school district, city or municipality thereof, have been deposited or loaned to any person or persons, * * * it shall be lawful for the officer or officers making such deposit or loan, or his or their successors in office, to maintain an action or actions for the recovery of such moneys deposited or loaned, and all contracts for the security or payment of any such moneys or public funds made shall be held to be good and lawful contracts binding on all parties thereto."

From the record, it is unquestioned that the plaintiff and all the county officers acted in the utmost good faith, without any thought of wrong-doing. The plaintiff has not trafficked in the claims against the county, seeking a profit to himself. By his purchase of the claims against the county with trust funds, the claims were not thereby extinguished. They remain just claims, and plaintiff, as assignee, is entitled to enforce their payment to the same extent as would the assignors.

A claim for earned official salary against the county may be assigned, and such assignment is binding on the county when the county board is advised of such assignment. 15 C. J. 663. Section 20-302, Comp. St. 1929, empowers an assignee of a thing in action to maintain an action thereon in his own name.

It is a rule of universal application that it is the duty of the court to render judgment in favor of a party, where, from the pleadings, such party is entitled thereto. *Arendt v. North American Life Ins. Co.,* 107 Neb. 716; *Meyer Bros. Drug Co. v. Hirsching-Morse Co.,* 94 Neb. 309; *Kime v. Jesse,* 52 Neb. 606; *Scofield v. Clark,* 48 Neb. 711.

While the trial court held that the claims were paid and discharged, such ruling finds no support in the record. Payment is a defense that must be pleaded. The county

failed to plead payment, or any other defense. The judgment of the district court is not supported by the pleadings and is contrary to the law and the facts.

In reversing a judgment in a law action, ordinarily the cause is remanded to the court generally for further proceedings, but, since the pleadings disclose beyond any cavil that the claims are just and unpaid, plaintiff, in his official capacity, is entitled to judgment. There is no occasion for a new trial in the district court.

The former opinion in this case is vacated. The judgment of the district court is reversed, and the cause remanded, with directions to enter judgment for plaintiff in the sum of $22,016.76.

REVERSED.