STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. PAUL MATHEW, RESPONDENT.
98 N. W. 2d 865

Filed October 30, 1959. No. 34689.

Clarence S. Beck, Attorney General, and Gerald S. Vitamvas, for relator.

Joseph T. Votava, for respondent.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.
This is a disciplinary action originally instituted in this court by the State of Nebraska on relation of the Nebraska State Bar Association, relator, designated com-

plainant, against Paul Mathew, an attorney at law, duly licensed and admitted to practice in this state, respondent. The complaint was filed by the members of the Committee on Inquiry for the Twelfth Judicial District of the State of Nebraska.

By the complaint, the important part of which is summarized here, it is charged that the respondent was guilty of unprofessional conduct which was evidenced by a criminal action in the United States District Court for the District of Nebraska wherein the respondent was charged with the criminal offense of knowingly, along with another whose name is not set out here, transporting a certain girl from Omaha, Nebraska, to Denver, Colorado, for the purpose of prostitution and debauchery. To this charge the respondent entered a plea of nolo contendere, on which plea the respondent was convicted.

To the complaint the respondent filed an answer and a motion for leave to amend the answer. Thereafter the parties entered into a stipulation which by its effect amended the answer in accordance with the terms of the motion to amend.

By the portions of the answer as amended which are of concern here, the respondent denied all allegations of the complaint not specifically admitted to be true. He admitted that he was charged with an offense in the United States District Court as alleged in the complaint. He also admitted that he entered a plea of nolo contendere to the charge and that on January 22, 1959, he stood convicted for the purpose of sentence. There is nothing in either the complaint or the answer thereto from which it may be ascertained whether or not sentence or any other adjudication was made upon the conviction.

Thereafter the relator filed a motion for judgment against the respondent on the pleadings and admitted facts.

In response to this motion the respondent filed an

answer. In this answer he, by reference, made proceedings conducted by the Inquiry and Advisory Committees a part of his answer to be considered in determining whether or not the motion for judgment on the pleadings should be sustained. These proceedings disclose that the respondent was sentenced to pay a fine of $250 and the costs of the action.

Before this court is the question of whether or not on the pleadings an adjudication that the respondent has been guilty of unprofessional conduct is required, and, if so, what, if any, disciplinary action shall be imposed.

The general power of the court in case of a motion for judgment on the pleadings is well defined in 71 C. J. S., Pleading, § 425, p. 864, as follows: "A motion for judgment on the pleadings will lie only when, from the face of the pleadings, the moving party is entitled to judgment as a matter of law." See, also, Hunter v. Delta Realty Co., 350 Mo. 1123, 169 S. W. 2d 936; Baker v. Lamar (Mo.), 140 S. W. 2d 31.

This court has said: "It is a rule of universal application that it is the duty of the court to render judgment in favor of a party, where, from the pleadings, such party is entitled thereto." Woods v. Brown County, on rehearing, 125 Neb. 692, 251 N. W. 839.

The respondent at no point contends either that if he was guilty of the acts charged against him he was not guilty of unprofessional conduct or that the facts alleged in the complaint were insufficient as a charge of unprofessional conduct. He admits in his original answer that "he stood convicted for purposes of sentence." In his answer to the motion for judgment on the pleadings, by reference, he adduced the judgment of the United States District Court disclosing that he received a sentence on the conviction.

The only theory on which he seeks to be relieved from an adjudication on the motion at the hands of this court that he was guilty of unprofessional conduct is that, since the sentence of the United States District

Court was made pursuant to his plea of nolo contendere, the record of his sentence, which, as pointed out, was pleaded by him, may not receive evidentiary consideration in this action.

It is true that a plea of nolo contendere in a criminal action may not be used in evidence in a civil action against the party making the plea. If however a judgment has been entered on the plea, the record is competent evidence of the fact of conviction. See 22 C. J. S., Criminal Law, § 425, p. 658.

In the light of what appears in the pleadings on which, as has been pointed out, the judgment herein shall rest, it becomes the duty of this court to, and it accordingly does, find and adjudge the respondent guilty of the charge of unprofessional conduct contained in the complaint.

There is no designated standard for the fixation of discipline in a case where unprofessional conduct of a member of the bar has been found to exist. Obviously the fixation must reside in the sound discretion of the court. It would appear that this discretion should be exercised in the light of the facts and circumstances which under legal rules and restrictions a court is entitled to examine.

The respondent by his answer to the motion for judgment on the pleadings has invited an examination of proceedings before a committee of the State Bar Association bearing on the character and qualities of the acts constituting the crime of which the respondent was convicted. These have not been identified in any such manner as to cause them to be admissible as evidence in a trial at law or in equity. In no true and legal sense are they in evidence. Even had they been offered and received in evidence this court could not properly consider them for the reason, as has been indicated earlier herein, that the right to have a motion for judgment sustained depends solely and alone on the pleadings themselves.

In propriety therefore this court in determining what

discipline should be imposed has for consideration the crime charged, the statute defining the crime charged, the conviction and sentence, the designated penalty for such crime, the penalty imposed by the court, and the inferences to be drawn therefrom.

Two of these incidents and inferences to be drawn from them merit specific consideration in this determination. The two are the penalty provided and the penalty imposed. Title 18, U. S. C. A., section 2421, page 369, prescribes as a penalty for this crime a maximum penalty of a fine of not more than $5,000 or imprisonment for not more than 5 years, or both. No minimum is prescribed. As pointed out, the penalty actually imposed was $250 and costs.

In the very nature of things it appears reasonable to assume that the court inquired into the surrounding facts and circumstances before pronouncing sentence and in probability acted with reference to what was disclosed. If this assumption is valid then it becomes inferable that the crime committed was relatively not highly serious.

Accepting this assumption with its attendant inferences the conclusion reached is that extreme severity is not justified herein in the assessment of discipline. The judgment therefore is that the respondent be suspended from the right to practice law in any court in this state or in any other manner for a period of 6 months. The suspension shall go into effect after the judgment becomes effective. If, within a reasonable time after 6 months from the effective date of the suspension, he makes a sufficient showing to this court that he has fully complied with the order of suspension the respondent will be reinstated and allowed to engage again in the practice of law, otherwise the suspension will become permanent and have the effect of disbarment.

JUDGMENT OF SUSPENSION.