STATE OF NEBRASKA, APPELLEE, V. ROGER E. LANE, APPELLANT.

419 N.W.2d 666

Filed February 26, 1988.   No. 87-236.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder, for appellee.

BOSLAUGH, CAPORALE, and SHANAHAN, JJ., and ROWLANDS, D.J., and COLWELL, D.J., Retired.

SHANAHAN, J.

As the result of a jury trial in the district court for Lancaster County, Roger E. Lane was convicted of and sentenced for first degree sexual assault, a Class II felony. See Neb. Rev. Stat. § 28-319(1) and (2) (Reissue 1985). Lane was sentenced to imprisonment for not less than 15 nor more than 30 years, as authorized by Neb. Rev. Stat. § 28-105(1) (Reissue 1985), which specifies the penalty for a Class II felony.

In three of his five assignments of error, Lane questions the sufficiency of evidence at various stages of the prosecution, claiming that Lane's motions for dismissal and a directed verdict should have been sustained, and further claiming there was insufficient evidence to support the verdict.

According to the evidence in the State's case, the victim, 18 years of age, and her friends were watching television at the victim's home when one of the friends decided to leave. After driving that person to his home, the victim drove past her

boyfriend's house, saw some lights, stopped, and, when no one responded to her knock at the door, entered her boyfriend's house and found Lane asleep on a couch in the living room. The victim awakened Lane and asked the whereabouts of her boyfriend's roommate, who she believed had been in telephone contact with her boyfriend, who was presently in California. Lane responded that the boyfriend's roommate was at his (Lane's) house and suggested that they go to Lane's house if the victim wanted to talk with her boyfriend's roommate.

When Lane and the victim arrived at Lane's house and entered, there was no one inside. Lane later admitted he had not expected to find anyone at his house. As the victim started to leave, Lane commenced ripping the clothes from the victim, who started crying, screaming, and inflicting scratches on Lane's body with her fingernails and pickup keys. At knifepoint, Lane dragged the victim into the bedroom, where he sexually penetrated the victim and performed other sexual acts on her. A short time later, still in the bedroom and over the victim's resistance, Lane sexually penetrated the victim a second time, causing bodily injury to the victim, telling the victim: "[T]hat's what [the victim] got" for resisting him. When the victim continued to resist, Lane sexually assaulted the victim a third time. Twice, the victim asked to go to the bathroom. Each time Lane accompanied her to the bathroom and brought the victim back to the bedroom, where Lane forced other sexual acts on the victim. Believing that she might escape if Lane left the house, the victim asked Lane to get her cigarettes from her pickup parked at the house. However, Lane locked the victim in the basement and later unlocked the basement door. Because the victim's screaming and escape attempts had diminished, Lane invited the victim to smoke a cigarette with him in the living room. Hoping that Lane would free her if there were some expectation of future contact, the victim offered to give Lane her telephone number, but Lane took the victim back to the bedroom, where Lane forcefully performed sexual acts on the victim. Before Lane allowed the victim to leave, he requested the victim's telephone number. The victim wrote a fictitious telephone number on a newspaper. As the victim was departing, Lane told her that if the victim told police about the

assault, he would "just deny everything and say [the victim] was willing, because he's done it before and gotten by with it."

When she arrived at her home and told her mother about the assault, the victim was hysterical, her eyes were swollen, and her clothes disarrayed. Police were summoned to the victim's home, and, on arrival, an officer found the victim still hysterical, with bruises on her body, scratches on her face, and blood on her clothing. The victim was transported to a hospital for examination and treatment.

After Lane was arrested, scratch marks were discovered on his side and back. At Lane's house, police found a newspaper bearing the fictitious telephone number written by the victim. Police also found the victim's earrings and determined that when the basement door was bolted, exit from the basement of Lane's house was impossible.

In his case, Lane testified that soon after their arrival at Lane's house, the victim and Lane kissed and went into the bedroom with no resistance by the victim. Lane claimed that the basement door would not lock tightly, notwithstanding the contrary finding by the police. A physician testified "there was no obvious physical trauma to either the pelvic region or the anal region" of the victim. The victim's panties were not bloodstained.

Although Lane moved for dismissal and for a directed verdict, the case was submitted to the jury, which found Lane guilty as charged. After a presentence report, the court sentenced Lane to imprisonment for not less than 15 nor more than 30 years.

> On a defendant's motion to dismiss for insufficient evidence of the crime charged against such defendant, the State is entitled to have all its relevant evidence accepted or treated as true, every controverted fact as favorably resolved for the State, and every beneficial inference reasonably deducible from the evidence.

*State v. Watkins, ante* p. 677, 681-82, 419 N.W.2d 660, 663 (1988).

> In a criminal case a court can direct a verdict only when (1) there is a complete failure of evidence to establish an essential element of the crime charged, or (2) evidence is so doubtful in character, lacking probative value, that a

finding of guilt based on such evidence cannot be sustained.

*State v. Clancy*, 224 Neb. 492, 501, 398 N.W.2d 710, 717 (1987). See, also, *State v. Brown*, 225 Neb. 418, 405 N.W.2d 600 (1987).

In determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict.

*State v. Brown, supra* at 428, 405 N.W.2d at 606.

What Lane perceives as insufficiency of evidence is actually his testimony in conflict with the victim's testimony about the incident, a question of credibility, and the weight to be given to the evidence, whether presented by the State or Lane. Without reiteration of all the facts, there is sufficient evidence to sustain the trial court's refusal to grant Lane's motions for dismissal and a directed verdict. The evidence establishes each element of first degree sexual assault, as defined by § 28-319, which in pertinent part provides: "(1) Any person who subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception . . . is guilty of sexual assault in the first degree." The evidence supports the verdict. Lane's claimed defense of the victim's consent was a jury question, which was answered adversely to Lane. Therefore, Lane's assignments of error concerning sufficiency of evidence are without merit.

Next, Lane contends that his sentence should have been probation rather than imprisonment, and, in any event, the sentence to imprisonment is excessive. The presentence report on Lane reflected that Lane had been placed on probation for a previous sexual assault in the first degree. Neb. Rev. Stat. § 29-2260 (Cum. Supp. 1986) sets out the factors to be considered by a court in deciding whether to impose a sentence of probation or imprisonment. There is no question that first degree sexual assault is a serious crime. In imposing the sentence of imprisonment, obviously the district court

considered that Lane's imprisonment was necessary for protection of the public, because: "[a] lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law." § 29-2260(2)(c). Also, the district court took into consideration the actual and threatened serious harm to the victim. See § 29-2260(3)(a).

An order denying probation and imposing a sentence within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion on the part of the sentencing judge. *State v. Wood*, 220 Neb. 388, 370 N.W.2d 133 (1985). We find no abuse of discretion in the sentence imposed on Lane.

AFFIRMED.