STATE OF NEBRASKA, APPELLEE, V. JAMES L. METHE, APPELLANT.
422 N.W.2d 803

Filed May 6, 1988.   No. 87-767.

Michael F. Gutowski, for appellant.

Robert M. Spire, Attorney General, and Harold I. Mosher, for appellee.

HASTINGS, C.J., CAPORALE, GRANT, and FAHRNBRUCH, JJ., and CHEUVRONT, D.J.

FAHRNBRUCH, J.

James L. Methe was convicted of intimidation by phone call, in violation of Neb. Rev. Stat. § 28-1310(1)(c) (Reissue 1985), after a Douglas County Court bench trial. On appeal, the Douglas County District Court affirmed Methe's conviction and sentence of 15 days' imprisonment and a $100 fine. Methe appeals. We affirm.

On appeal to this court, the defendant, Methe, assigns as error the trial court's (1) overruling of Methe's motions to dismiss at the end of the State's case and at the end of all the evidence and (2) admission of evidence of Methe's prior

conviction for intimidation by phone call.

At trial, there was evidence that the defendant, at one time, was the employer of Kimberly Becker, the victim in this case. Becker ceased working for the defendant in May of 1982. She obtained employment elsewhere.

Thereafter, Becker began receiving telephone calls, both at home and at work, according to the evidence. The caller would hang up without talking, and Becker complained to the police. After a tap was placed on Becker's telephone by the telephone company, Methe was charged in the Douglas County Court with intimidation by phone call. According to a certified court record introduced in evidence, Methe was found guilty as a matter of law and fined $25 and costs.

Becker testified that approximately 1 month after his conviction, Methe called Becker's place of employment. The victim testified that when she answered, Methe said "he'd had to pay a fine, and he asked . . . what he should do to retaliate." Becker said she felt threatened by Methe's comments, hung up, and called the police. Methe admits making the phone call, but claims he said he had "paid a fine . . . . 'Would you get me in touch with the manager.' "

Section 28-1310(1)(c) makes it unlawful for a person to telephone another and threaten "to inflict injury to any person or to the property of any person." Besides denying Becker's version of what he said, Methe contends that the statement "What should I do to retaliate" is too indefinite and ambiguous to constitute a threat.

We have previously held that "[t]o 'threaten' is commonly understood to mean promising punishment, reprisal, or distress. Webster's Third New International Dictionary, Unabridged 2382 (1981)." *In re Interest of Siebert*, 223 Neb. 454, 456, 390 N.W.2d 522, 524 (1986). "Retaliate" means "to put or inflict in return . . . ." Webster's Third New International Dictionary, Unabridged 1938 (1981). Clearly, the statement "What should I do to retaliate" can be viewed as promising punishment, reprisal, or distress.

The evidence as to what Methe actually said to the victim at the time of his call was in conflict. In finding Methe guilty, it is obvious that the trial judge, who saw and heard the witnesses,

believed the victim's version of the facts rather than the defendant's version. In resolving a challenge to the sufficiency of the evidence to sustain a conviction, the Supreme Court does not resolve conflicts in evidence, pass on credibility of witnesses, determine plausibility of explanations, or weigh evidence. *State v. Patrick*, 227 Neb. 498, 418 N.W.2d 253 (1988); *State v. Guy*, 227 Neb. 610, 419 N.W.2d 152 (1988).

In regard to defendant's first assignment of error, on a defendant's motion to dismiss for insufficient evidence of the crime charged against such defendant, the State is entitled to have all its relevant evidence accepted or treated as true, every controverted fact as favorably resolved for the State, and every beneficial inference reasonably deducible from the evidence. *State v. Lane*, 227 Neb. 687, 419 N.W.2d 666 (1988); *State v. Watkins*, 227 Neb. 677, 419 N.W.2d 660 (1988). Also, in a criminal case, a court can direct a verdict only when (1) there is a complete failure of evidence to establish an essential element of the crime charged, or (2) evidence is so doubtful in character and lacking in probative value that a conviction based thereon cannot be sustained. *State v. Lane, supra*; *State v. Coffman*, 227 Neb. 149, 416 N.W.2d 243 (1987). Applying these two standards in this case, we find that there was sufficient evidence to deny the defendant's motion to dismiss at the close of the State's case in chief. At the close of all of the evidence, there also was sufficient evidence to deny Methe's motion to dismiss the charges against him.

Methe next claims that it was error for the trial court to admit evidence of his prior conviction for intimidation by phone call.

It is within the trial court's discretion to admit or exclude evidence, and such rulings will be upheld on appeal absent an abuse of discretion. *State v. Lenz*, 227 Neb. 692, 419 N.W.2d 670 (1988); *State v. Wilson*, 225 Neb. 466, 406 N.W.2d 123 (1987); *State v. Clancy*, 224 Neb. 492, 398 N.W.2d 710 (1987). It is Methe's contention that evidence of his prior conviction is irrelevant to the instant case and therefore inadmissible under Neb. Rev. Stat. § 27-402 (Reissue 1985). Evidence of other crimes may be admissible to prove, among other things, motive, intent, and identity. Neb. Rev. Stat. § 27-404(2) (Reissue 1985). Section 27-404(2) is an inclusionary rule which

permits the use of evidence of other crimes, wrongs, or acts if such is relevant for any purpose other than to show the defendant's propensity or disposition to commit the crime charged. *Wilson, supra; State v. Kern*, 224 Neb. 177, 397 N.W.2d 23 (1986); *State v. Robb*, 224 Neb. 14, 395 N.W.2d 534 (1986).

Methe argues that his prior conviction was not needed for identity purposes, since the victim recognized his voice. However, at the time the prior conviction was offered into evidence by the State, it was not known that Methe would admit making the call. The evidence was relevant to corroborate the victim's testimony on the issue of identity. His prior conviction was also relevant to Methe's motive for calling the victim and his intent to intimidate her. The trial court did not abuse its discretion in admitting evidence of Methe's prior conviction for intimidation by phone call.

This court notes that on Methe's first conviction the certified court record reflects that Methe entered a plea of nolo contendere and that the court found Methe guilty as a matter of law. Except under certain circumstances not relevant here, Neb. Rev. Stat. § 27-410 (Reissue 1985) stands for the proposition that a defendant's plea of nolo contendere or a defendant's statements made in connection with such a plea are inadmissible in any civil or criminal action, case, or proceeding against the person who made the plea of nolo contendere.

However, § 27-410 does not prohibit the use of the conviction which results from a nolo contendere plea. Since Methe's trial was to the court, we presume that the trial judge only considered the conviction and not the nolo contendere plea. In a case tried to the court without a jury, there is a presumption that the trial court, in reaching its decision, considered only evidence that is competent and relevant. This court will not overturn such a decision where there is sufficient material, competent, and relevant evidence to sustain the judgment. *State v. Tomes*, 218 Neb. 148, 352 N.W.2d 608 (1984). It was proper for the trial court to consider Methe's prior conviction.

In this case, there is sufficient material, competent, and relevant evidence to sustain Methe's conviction. The conviction

and sentence of the trial court and the affirmance thereof by the district court are both correct.

AFFIRMED.