STATE OF NEBRASKA, APPELLEE, V. MIKE VALDEZ, APPELLANT.
463 N.W.2d 326

Filed November 30, 1990.    No. 89-1218.

Charles F. Fitzke, Scotts Bluff County Public Defender, and Robert L. Wolf for appellant.

Robert M. Spire, Attorney General, and Marie C. Pawol for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

After trial to a jury, the defendant, Mike Valdez, was convicted of failing to appear before the court after having been "released from custody under bail, recognizance, or a conditioned release," in violation of Neb. Rev. Stat. § 29-908 (Reissue 1989). He was sentenced to imprisonment for not less than 15 months nor more than 3 years, with credit for 126 days served.

He has appealed and contends that the evidence was insufficient to support the conviction because the State failed to prove a material element of the offense—that he "willfully" failed to appear in court at 8:30 a.m. on February 21, 1989—and that the sentence imposed by the district court constituted an abuse of discretion.

"In determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict."
*State v. Lane*, 227 Neb. 687, 691, 419 N.W.2d 666, 669 (1988); *State v. Sorbello*, 232 Neb. 486, 440 N.W.2d 696 (1989); *State v. Wickline*, 232 Neb. 329, 440 N.W.2d 249 (1989); *State v. Clancy*, 224 Neb. 492, 398 N.W.2d 710 (1987).

"In a criminal case a court can direct a verdict only when

"(1) there is a complete failure of evidence to establish an essential element of the crime charged, or (2) evidence is so doubtful in character, lacking probative value, that a finding of guilt based on such evidence cannot be sustained."

*State v. Lane, supra* at 690-91, 419 N.W.2d at 669; *State v. Anderson*, 229 Neb. 427, 427 N.W.2d 764 (1988); *State v. Methe*, 228 Neb. 468, 422 N.W.2d 803 (1988).

The record shows that on September 21, 1988, the defendant was charged with felony assault with a knife, under Neb. Rev. Stat. § 28-309(1) (Reissue 1989). He was released from custody on December 23, 1988, after depositing 10 percent of a $7,500 bond. Prior to his release, the defendant signed a recognizance form promising to appear before the district court on February 21, 1989, at 8:30 a.m. The recognizance form, which was read to the defendant, set forth the maximum penalty for "willful failure to appear before the Court when ordered to do so, or to surrender within three days thereafter."

The defendant failed to appear for the jury trial at 8:30 a.m. on February 21, 1989, and he did not surrender himself within 3 days thereafter as he had been ordered. His bond was ordered forfeited, and a bench warrant was issued for his arrest. The defendant was arrested on May 3, 1989, and charged in a new information on May 11, 1989, with failure to appear. See § 29-908.

At the trial, the defendant testified that he was unable to get a ride to the courthouse on the morning of February 21, 1989, until about 11 or 11:30 a.m., when he was picked up by his mother and taken to the courthouse.

At the courthouse, the defendant met his attorney, who informed the defendant that his bond had been revoked as a result of his failure to appear. Hearing this, he decided to talk with the judge. He went to the courtroom and looked around, but no one was there. Since the defendant had the time, he decided to pick up food stamps. After he had picked up food stamps, he returned to the courtroom, but it was still empty. Instead of waiting, he decided to ride home with a friend who happened to be in the courthouse.

Over 2 months later, on May 3, 1989, the defendant was at

the home of Amelia De Los Santos. He was found hiding in an attic storage area of De Los Santos' house.

Section 29-908 provides in pertinent part:

> Whoever is charged with a felony and is released from custody under bail, recognizance, or a conditioned release and *willfully fails to appear before the court granting such release when legally required or to surrender himself within three days thereafter*, shall be guilty of a Class IV felony . . . .

(Emphasis supplied.) To sustain a conviction under § 29-908, the State must establish that (1) defendant was charged with a felony; (2) defendant was released from custody under bail, recognizance, or a conditioned release; and (3) defendant willfully failed (a) to appear before the court when legally required or (b) to surrender himself within 3 days thereafter.

The evidence shows that the defendant failed to arrive at the courthouse until around noon on February 21, 1989, and did not surrender himself at that time. Moreover, the evidence shows that the defendant was a fugitive for over 2 months and that he tried to avoid capture by moving to a new address and by hiding in an attic of a house. From this, the trial court could infer willfulness. The trial court could infer that the defendant willfully failed to appear before the court when legally required or to surrender himself within 3 days after his scheduled trial date. The evidence was sufficient to present a question for the jury.

The defendant's second assignment of error is that the sentence imposed by the district court constituted an abuse of discretion.

Failure to appear when one has been charged with a felony constitutes a Class IV felony. Under the provisions of Neb. Rev. Stat. § 28-105 (Reissue 1985), a Class IV felony is punishable by up to 5 years' imprisonment, up to a $10,000 fine, or both.

The defendant was sentenced to imprisonment for not less than 15 months nor more than 3 years, with credit for 126 days served. The sentence imposed was well within the statutory range.

A sentence within the statutorily prescribed limits will not be disturbed on appeal in the absence of an abuse of discretion.

*State v. Garza, ante* p. 215, 459 N.W.2d 747 (1990); *State v. Johnson*, 234 Neb. 110, 449 N.W.2d 232 (1989). The sentence imposed in this case was not an abuse of discretion. As the trial court stated at the sentencing hearing, a lesser sentence would depreciate the seriousness of the crime because "when you don't show up when you're told to and you're out on bond and the jury is waiting . . . you seriously disrupt the proceedings of the judicial system, the law enforcement system, the criminal justice system and that promotes disrespect for the law . . . ."

There being no error, the judgment is affirmed.

AFFIRMED.